# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

  v.

Jaime Edward McClellan,

      Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 16-102 ADM/HB

_____

David P. Steinkamp, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Karen E Mohrlant, Esq., F. Clayton Tyler, P.A., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Jaime Edward McClellan's ("McClellan") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1) [Docket No. 81] ("Motion"). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On October 17, 2016, McClellan entered a plea of guilty to conspiracy to distribute more than 1000 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Min. Entry [Docket No. 53]; Plea Agreement [Docket No. 54]. In the Plea Agreement, McClellan admitted that from January 2014 through December 2015, he and his co-conspirators distributed more than 1,000 grams of heroin, that he possessed a semiautomatic pistol to further the drug trafficking, and that nearly $400,000 in cash seized from his home and a

storage locker were proceeds from heroin sales.  Plea Agreement ¶ 2.  Prior to this conviction,

McClellan had served a 21-month prison sentence and a 58-month prison sentence for state

felony drug crimes.  Investigation Report ("PSR") [Docket No. 56] ¶¶ 58, 60.

On February 8, 2017, McClellan was sentenced to a mandatory minimum term of 180

months.  Min. Entry [Docket No. 68]; Sentencing J. [Docket No. 69] at 2.  He is currently

incarcerated at the federal correctional institution in Pekin, Illinois ("FCI–Pekin") and has

completed less than 40 percent of his sentence.  His projected release date is September 26,

2028.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited May 10,

2021).

At the time McClellan was sentenced, a homicide case was pending against him in

Minnesota state court for selling heroin to a person who overdosed and died.  PSR ¶¶ 4, 88.

McClellan subsequently pled guilty and was sentenced to 134 months.  See State v. McClellan,

No. 27-CR-15-35615; Def. Add. [Docket No. 88, Attach. 1] Ex. C at 4.  He will begin serving

his state sentence after he is released from federal custody.  Def. Add. Exs. C, G.

While in prison, McClellan has completed a drug education program, taken several

educational courses, and performed work details in recreation, food service, and as an orderly.

Id. Ex. F.  He has not incurred any disciplinary violations. Id. Exs. D, E.

McClellan now moves for compassionate release pursuant to 18 U.S.C.§ 3582(c)(1)(A),

arguing his family circumstances warrant a sentence reduction.  McClellan's mother has been

diagnosed with a rare and complex form of cancer that requires her to receive medical care at a

facility located 80 miles from her home.  Def. Add. Ex. A.  His mother is unable to drive or care

for herself, and does not have friends or family in Minnesota who are able to assist her.  Id.  She

relies on a transportation service to get her to her appointments, but the rides must be arranged in advance and lack the flexibility to accommodate doctors running late or appointments running long.  Id.

In addition to his ailing mother, McClellan states that he is also needed to provide care for two of his children, ages 18 and 13, whose mother Crystal Densmore ("Densmore") recently died.  Mot. at 2; Letter [Docket No. 82] at 2; Def. Add. Exs. A, B.  Densmore lived in Chicago, Illinois.  Mot. at 2; Def. Add. Ex. B.  The children have been living with maternal relatives and are being primarily cared for by their grandmother, but McClellan contends they lack stable housing and a consistent caregiver.  Mot. at 2–3.  He hopes to move them to Minnesota and care for them.  Mem. Supp. Mot. [Docket No. 88] at 8.

If released, McClellan plans to live with his fiancé and youngest child in Monticello, Minnesota.  Mot. at 4; Compass. Release Investig. [Docket No. 84]; PSR ¶ 94.

The Government opposes the Motion, arguing that McClellan's family circumstances do not constitute extraordinary and compelling reasons to reduce his sentence, he poses a danger to the community, and the sentencing factors weigh against his release.

## III.  DISCUSSION

### A.  Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction

is consistent with applicable policy statements issued by the Sentencing Commission."  18

U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under

§ 3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical

conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to

provide self-care within the environment of a correctional facility and from which he or she is

not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "Extraordinary and

compelling reasons" also include family circumstances in which the caregiver of the defendant's

minor children has died or become incapacitated, or where the defendant's spouse or registered

partner is incapacitated and the defendant is the only available caregiver.  U.S.S.G. § 1B1.13

comment n.1(C).  A catch-all provision also exists for "other reasons" that may cause a

defendant's case to be extraordinary or compelling.  U.S.S.G. § 1B1.13 comment n.1(D).[1]

---

[1] The policy statement refers only to compassionate release motions filed by the "Director of the Bureau of Prisons," and has not been updated to reflect that, with the passage of the 2018 First Step Act, defendants are now allowed to file such motions directly.  See U.S.S.G. § 1B1.13 comment n.4; First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).  The Eighth Circuit has not addressed whether or to what extent the policy statement embodied in U.S.S.G. § 1B1.13 applies to compassionate release motions filed by defendants. All circuit courts to have considered the issue have held that § 1B1.13 is not an applicable policy statement for defendant-initiated motions.  See United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021); United States v. Aruda, 993 F.3d 797, 800–02 (9th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1050–51 (10th Cir. 2021); United States v. McCoy, 981 F.3d 271, 281–84 (4th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 234–37 (2d Cir. 2020).  Given the weight of this non-binding circuit court precedent, the Court will not treat U.S.S.G. § 1B1.13 as binding on McClellan's Motion, but will consider the policy statement as guidance for exercising its discretion under § 3582(c)(1)(A).  See United States v. Rodriguez, No. 15-CR-254 (PJS), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) ("In the absence of clarification from the Eighth Circuit, the Court will treat § 1B1.13 as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A), but the Court will not treat its provisions as binding.").

The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

McClellan claims that he has met the exhaustion requirement because he made a request for compassionate release to the warden of his facility in the summer of 2020, and that the warden verbally denied the request. Mem. Supp. Mot. [Docket No. 92] at 2. Assuming without deciding that McClellan has satisfied the exhaustion requirements, his Motion is denied on the merits.

McClellan's desire to care for his ailing mother is not an extraordinary and compelling reason to reduce his sentence. While the Court is sympathetic to the challenges faced by McClellan's mother, these circumstances do not constitute extraordinary and compelling reasons for McClellan's release. "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). If family or friends are not able to assist McClellan's mother, she will need to continue to rely on community resources to get her transportation and care needs met, even though those services may sometimes be inconvenient or less than ideal.

Nor is the death of the mother of two of McClellan's children grounds for reducing his sentence. McClellan has no previous history of being a caregiver for either his mother or these

two of his eight children.  Even if the Court were to reduce his sentence, McClellan still has a

pending state sentence to serve after he is released from federal custody.  Moving from federal to

state prison will not impact McClellan's ability to care for his children.  The children are being

cared for by their maternal grandmother and other relatives in another state.  Under these

circumstances, the death of the children's mother is not an extraordinary and compelling reason

to reduce McClellan's sentence.  See United States v. Johnson, No. 15-CR-59, 2020 WL

6075867, at *5 (E.D. Cal. Oct. 15, 2020) (holding the incapacitation of defendant's children's

mother was not an extraordinary and compelling reason warranting defendant's release because

defendant failed to establish he would be a suitable caregiver upon release).

Even if McClellan could show extraordinary and compelling circumstances, the Motion

would be denied because the sentencing factors in 18 U.S.C. § 3553(a) weigh against his release.

The § 3553(a) sentencing factors include "the nature and circumstances of the offense" and "the

need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the

law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal

conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

McClellan was a large-scale heroin dealer, carried a firearm in furtherance of his drug

sales, and sold heroin to a young man who died of an overdose.  Past prison sentences did not

deter McClellan from engaging in these serious offenses.  Releasing McClellan after he has

served less than 40 percent of his sentence would not reflect the seriousness of his crime, provide

just punishment, or afford adequate deterrence to criminal conduct.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Jaime Edward McClellan's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1) [Docket No. 81] is **DENIED.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  May 10, 2021